# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF ARKANSAS
# PINE BLUFF DIVISION

**ROGER DALE SIMS,**
**ADC # 121381**                                                        **PLAINTIFF**

v.                    No. 5:12-cv-249 DPM

**RAY HOBBS, Director, Arkansas Department**
**of Correction; and JOHN DOES, members,**
**Arkansas Board of Parole**                         **DEFENDANTS**

## ORDER

1. Roger Dale Sims, an Arkansas Department of Correction inmate, moves to proceed *in forma pauperis* in this § 1983 case. *Document No. 1.* Because his application makes the showing required by 28 U.S.C. § 1915, the motion is granted. Sims still must pay the $350 filing fee in installments. 28 U.S.C. § 1915(b). The Warden of the Varner Super Max Unit must therefore collect an initial partial filing fee of $5.67 from Sims's prison trust account. Thereafter, the Warden must collect monthly installments of 20% of the preceding month's income credited to Sims's prison trust account each time the amount in the account exceeds $10.00. Payments must be clearly identified by the name and number assigned to this action.

The Clerk is directed to send a copy of this Order to the Varner Super Max Unit, P.O. Box 400, Grady, AR 71644-0400; the ADC Trust Fund Centralized Banking Office, P.O. Box 8908, Pine Bluff, Arkansas 71611; and the ADC Compliance Office, P.O. Box 20550, Pine Bluff, Arkansas 71612-0550.

**2.** The Court must also screen Sims's complaint pursuant to 28 U.S.C. § 1915A. Sims alleges that ADC Director Ray Hobbs and the unknown members of the Arkansas Parole Board are violating his due process rights by miscalculating his parole eligibility date and failing to timely hold parole hearings. *Document No. 2.* It is well settled, however, that state prisoners do not have a protected liberty interest in discretionary parole release. *Greenholtz v. Inmates of the Nebraska Penal and Correctional Complex*, 442 U.S. 1, 9–11 (1979); *Persechini v. Callaway*, 651 F.3d 802, 807–08 (8th Cir. 2011). Sims has therefore failed to state a viable § 1983 claim for relief.

\* \* \*

Motion to proceed *in forma pauperis*, Document No. 1, granted. Sims's complaint is dismissed without prejudice for failure to state a claim. This dismissal constitutes a strike; and the Court certifies that an *in forma pauperis* appeal would not be taken in good faith. 28 U.S.C. § 1915(a)(3) & (g).

So Ordered.

*D.P. Marshall Jr.*
United States District Judge

19 July 2012